The Honorable Jim Keet State Senator P.O. Box 23603 Little Rock, AR 72221-3603
Dear Senator Keet:
This is in response to your request for an opinion on three questions regarding whether the Arkansas Self-Insurers Guaranty Fund Board of Directors may establish criteria for membership in the Workers' Compensation Commission group self-insurer program. Your questions will be restated and answered in the order posed and, per your direction, your references to the Guaranty Fund will be taken to mean the Guaranty Fund Board of Directors.
Your first question is:
 (1) If the Guaranty Fund were to establish criteria to be met by applicants to the WCC group self-insurer program, would this constitute an impermissible contravention of WCC rules?
The Workers' Compensation Commission has operated a group self-insurer program under the authority of A.C.A. §11-9-404(a)(3) (Supp. 1991) for many years. The qualifications for membership in the group self-insurer program are set out in §§ 11-9-404(a)(3) and (b) and in Workers' Compensation Commission Rule 5, Part III (Rev. Ed. 1991).
With the passage of Act 756 of 1991, codified at A.C.A. §§11-9-901 through -911 (1987 and Supp. 1991), the Arkansas legislature authorized the Workers' Compensation Commission to recognize a non-profit corporate entity to serve as the guaranty fund for workers' compensation self-insurers in the private sector. The Commission was also given authority to promulgate rules and regulations regarding the guaranty fund. See A.C.A. §11-9-902 (Supp. 1991). Pursuant to A.C.A. § 11-9-910 (Supp. 1991), participants in the group self-insurer program are to be members of the guaranty fund.
In response to your question, it is my opinion that the Guaranty Fund Board of Directors would have no authority to establish criteria to be met by applicants to the Workers' Compensation group self-insurer "program."[1] Many of the criteria for membership in the group self-insurer program are established by law, see § 11-9-404(a) and (b), and the Workers' Compensation Commission appears to be the only other entity given authority over membership. The details governing application for membership in the group self-insurer program are set forth in Commission Rule 5, Part III, consistent with § 11-9-404. For the Guaranty Fund Board of Directors to establish criteria for membership in the group self-insurer program would appear to be contrary to Arkansas law and Workers' Compensation Commission rules, particularly if the criteria established were different from those already established by law or Commission rule.
Your second question is:
 (2) If the Guaranty Fund were to establish criteria for applicants to the WCC group self-insurer program, would this constitute an impermissible delegation of WCC power to the Guaranty Fund?
As it is my opinion that there has been no delegation of authority to the Guaranty Fund Board of Directors with respect to the group self-insurer program, it is unnecessary to determine whether there has been an impermissible delegation.
Your third question is:
 (3) If either the Guaranty Fund or the WCC were to establish criteria to be met by applicants to the WCC group self-insurer program, would this constitute an impermissible delegation of legislative power to the Guaranty Fund or WCC?
In light of my opinion that the legislature has not delegated any authority to the Guaranty Fund Board of Directors with respect to establishing criteria to be met by applicants to the Workers' Compensation Commission group self-insurer program, it is unnecessary to consider whether there has been an impermissible delegation in this regard.
The legislature may have delegated some of its authority with respect to establishing criteria for membership in the group self-insurer program to the Workers Compensation Commission, however. By authorizing the Commission, in A.C.A. §11-9-205(a)(1)(A) (1987), to make such rules and regulations as may be found necessary to administer the Workers' Compensation Law, the legislature appears to have delegated some of its authority over workers' compensation matters, including membership in the group self-insurer program, to the Commission. As is noted herein in response to your first question, some criteria for membership in the group self-insurer program are established by law. See A.C.A. § 11-9-404(a) and (b) (Supp. 1991). Other criteria for membership and rules governing the application process consistent with those prescribed in §11-9-404 have been established pursuant to the Commission's rulemaking power. See Commission Rule 5, Part III, supra. In my opinion, such action on the part of the Workers' Compensation Commission does not represent an impermissible delegation of legislative authority to the Commission. While the legislature may not delegate its lawmaking power, it is well settled that it may set forth general provisions with power given to those who are to act under such general provisions to complete the details.McArthur v. Smallwood, 225 Ark. 328, 281 S.W.2d 428 (1955).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The Guaranty Fund Board of Directors does appear to have some authority with respect to the administration of the "guaranty fund," however. See, e.g., A.C.A. §§ 11-9-905 and -907 (Supp. 1991).